## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | |
|---|---|
| SHERLENE WEGNER,  )<br>1624 Valleycrest Lane  )<br>Carrollton, TX 75006  )<br>  )<br>on behalf of herself and others  )<br>similarly situated,  )<br>  )<br>    Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>CARAHSOFT TECHNOLOGIES CORP.  )<br>(a Maryland Corporation)  )<br>18524 Office Park Drive  )<br>Gaithersburg, MD 20086  )<br>(Montgomery County)  )<br>  )<br>    Defendant.  )  | Case no.:_____<br><br>Jury Trial Demanded |

### COMPLAINT
### Collective Action under Fair Labor Standards Act

**COMES NOW**, the Plaintiff Sherlene Wegner, on behalf of herself and all others similarly situated, and brings this action against Maryland Corporation Defendant Carahsoft Technologies Corp. for damages and other relief as follows:

### NATURE OF ACTION

1.  Plaintiff brings this collective class action under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff alleges on behalf of herself and other current and former employees of Defendant whose primary job duty is making sales calls over the phone to Defendant's customers regarding software and hardware products/services, and who elect to opt into this action pursuant to § 216(b), that said persons are entitled to unpaid overtime wages for all hours worked in excess of forty for any given workweek, liquidated damages, costs, and attorneys' fees.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 for the claims being brought under the FLSA.  This Court has personal jurisdiction over the Defendant as it is incorporated in the State of Maryland and is registered and in good standing in the State of Maryland.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), inasmuch as the Defendant is a "resident" of the District of Maryland as set forth under 28 U.S.C. § 1391(b)(2) because Defendant is subject to the personal jurisdiction of this Court as a business incorporated in the State of Maryland.  Venue is also proper under 28 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the State of Maryland.

## PARTIES

4. Defendant Carahsoft Technologies Corp. ("Carahsoft") is a Maryland corporation registered to do business and in good standing in the state of Maryland.  Its registered agent in the State of Maryland is: Curtis P. Abod, 18524 Office Park Drive, Gaithersburg, Maryland 20086.

5. Defendant is engaged in interstate commerce by, among other things, selling and marketing computer software and hardware to end consumers throughout the United States on behalf of software and hardware developers.  Defendant employs persons such as Plaintiff and others similarly situated throughout the United States to sell/renew/market these products over the phone to these customers from its office in Reston, Virginia and like Plaintiff from hundreds of home offices throughout the United States.  Upon information and belief, Defendant's gross annual sales made, or business done, has been $500,000 per year or greater at all relevant times.

6. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Plaintiff Sherlene Wegner currently resides in Carrollton, Dallas County, Texas. Plaintiff performed all job duties set forth herein as an employee of Carahsoft at this residence.

8. Plaintiff, and others similarly situated who were employed by Defendant are current or former "employees" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9. Plaintiff brings this action on behalf of herself and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

10. Plaintiff and others similarly situated are individuals who were, or are, employed by Defendant, and perform the same primary job duty as Plaintiff set forth below, are paid a set salary regardless of hours worked, are not paid any commissions on goods/services sold (or, if paid a commission, it comprises 50% or less of the entire compensation), worked in excess of forty hours in any given workweek, were not paid any overtime for hours worked over forty per workweek, and are/were employed by Defendant throughout the United States during the three year applicable statutory period under the FLSA.

**FACTUAL ALLEGATIONS**

11. Defendant, among other things, sells, services and markets computer software and hardware to end consumers on behalf of software and hardware developers. Defendant's website states, "Carahsoft . . . market, sell, and deliver VMware, Symantec, Dell EMC, Adobe,

F5 Networks, Open Source, Micro Focus Government Solutions, SAP, and Intelligence and Innovative products and solutions among others."[1]

12.     On or about April 2018, the Plaintiff Wegner began working for the Defendant in the position of Renewal Specialist.  She maintained this position with Defendant through on or about July 2019.  From on or about July 2019 through the end of her employment in August 2019, she no longer performed sales work, but instead worked in operations.[2]

13.     In her employment with Carahsoft as a Renewal Specialist, the Plaintiff's primary job duty was the sale of software products over the phone on behalf of the Defendant to potential or existing customers.  In this position, the Plaintiff was paid a set salary regardless of hours worked, was eligible for discretionary bonuses that were not commissions on goods/services sold, was not required to record hours worked, routinely worked in excess of forty hours per workweek, and was not paid any overtime for hours worked over forty per workweek.  Throughout all the weeks of her employment (excluding weeks of national holidays or weeks where sick/personal/vacation days were taken), the Plaintiff estimates that she worked on average 60-70 hours per week.

14.     Numerous other employees of the Defendant are "similarly situated" in that they perform the same primary job duty as Plaintiff set forth above, are paid a set salary regardless of hours worked, are eligible for discretionary bonuses, are not paid any commissions on goods/services sold (or, if paid a commission, it comprises 50% or less of the entire compensation), worked in excess of forty hours in any given workweek, and were not paid any overtime for hours worked over forty per workweek.

15.     From her knowledge working for the Defendant and interaction with numerous other employees of Carahsoft, and in addition to her job title, the Plaintiff is aware of

---

[1] *See* www.carahsoft.com.
[2] This later position is not at issue in the allegations made herein.

4

employees who are "similarly situated" who have various other job titles. These job titles include, but are not limited to: Account or Sales Representative,[3] Sales or Account Executive, Federal Account Representative, Government Account Representative, Upsell or Renewal Representative, VMware Sales Representative, Red Hat Account or Red Hat Sales Specialist or Manager, Adobe Product Sales or Adobe Renewal Specialist, Open Source Business Development Specialist, and Renewal or Upsell Specialist.

16. Persons in these positions worked from either home offices or Defendant's office located in Reston, Virginia. Well over 100 persons work from home offices for Defendant.

17. Regardless of location, the Defendant classified Plaintiff, and all similarly situated employees, as exempt from overtime compensation under the FLSA's "administrative exemption" (as defined under 29 C.F.R. § 541.200, *et seq.*) and/or "retail or service establishment exemption" (*see* 29 U.S.C. § 207(i)).

18. Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff and others similarly situated as required by law.

**COUNT I**
**FLSA COLLECTIVE ACTION**

19. Plaintiff, on behalf of herself and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

20. Plaintiff files this action on behalf of herself and all others similarly situated. The proposed Collective Class for the FLSA claims is defined as follows:

> All employees of Defendant who worked, or continue to work, whether at a home office or Defendant's office, in any position where said employees (i) perform sales calls over the phone to potential customers to sell/renew/market software or hardware, (ii) are paid a set salary regardless of hours worked, (iii)

---

[3] These two titles and others can include "Junior" or "Senior" which are reflective of years of service at Carahsoft.

are not paid commission based on sales of goods or services (or, if paid any commission, it comprises 50% or less of said person's total earnings)[4], and (iv) are not compensated overtime pay for hours worked over forty in any given workweek.  (hereafter the "FLSA Collective").

21. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A.

22. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked in violation of the FLSA.

23. Plaintiff and the FLSA Collective are similarly situated in that they all have the same primary job duties set forth above, are all subject to Defendant's same corporate policies/procedures/practices of failing to have the Plaintiff and FLSA Collective report hours worked, and in turn, failing to pay overtime for hours worked in excess of forty per workweek, all of which is in violation of the FLSA.

24. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their regular rate of pay, overtime rate of pay, hours worked, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*; 29 C.F.R § 516.2.

25. Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime equal to one and one-half their regular rate of pay for all hours worked in excess of forty per workweek.  29 U.S.C. § 207(a).

---

[4] To be exempt from overtime pay under the FLSA under the "retail or service establishment exemption," more than half of an employee's total earnings must be based on commissions earned on sales made.  29 U.S.C. § 207(i).

26. Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of the FLSA.

28. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

29. The Plaintiff and the FLSA Collective have suffered from Defendant's conduct set forth herein and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join the FLSA Collective Class. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and others similarly situated, pray for relief as follows:

a) Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b) Judgment against Defendant finding it misclassified Plaintiff and those similarly situated as exempt;

c) Judgment against Defendant for Plaintiff and those similarly situated for unpaid overtime wages as damages;

d) An amount equal to their damages as liquidated damages;

e) A finding that Defendant's violations of the FLSA are willful;

f)   All costs and attorneys' fees incurred prosecuting this claim;

g)   An award of prejudgment interest (to the extent liquidated damages are not awarded);

h)   Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i)   Leave to amend to add additional state law claims; and

j)   All further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Natalie Cater Moffett*
Natalie Cater Moffett
Bar No. 17227
**Cater Moffett Law Firm**
1730 Rhode Island Ave., NW
Suite 715
Washington, D.C. 20036
Tel : (202) 251-6438
natalie@catermoffettlaw.com



Brendan J. Donelon,* MO Bar. #43901
4600 Madison, Suite 810
Kansas City, Missouri 64112
Tel:   (816) 221-7100
Fax:   (816) 709-1044
brendan@donelonpc.com

Daniel W. Craig,*  MO Bar. #43883
6642 Clayton Rd., #320
St. Louis, Missouri 63117
Tel:   (314) 297-8385
Fax:   (816) 709-1044
dan@donelonpc.com

*motion for admission forthcoming*

ATTORNEYS FOR PLAINTIFFS