IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHERLENE WEGNER, on behalf of herself and others similarly situated | * * * |
| Plaintiffs, | * * |
| v. | * Civil No. PJM 20-00305 |
| | * |
| CARAHSOFT TECHNOLOGY CORP., | * * |
| Defendant. | * |

## MEMORANDUM OPINION

Sherlene Wegner, on behalf of herself and others similarly situated, has sued Carahsoft Technology Corp., alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 *et seq*. The parties have now reached a settlement and ask the Court to approve it. For the reasons that follow, the Court **GRANTS** the Joint Motion for Approval of Settlement and Release, ECF No. 85, as well as the Motion for Approval of Attorneys' Fees, Expenses and Service Award, ECF No. 86, **ADOPTS** the Joint Findings of Fact and Conclusions of Law, ECF No. 91, and **DISMISSES WITH PREJUDICE** the Complaint.

### I.

Factual and Procedural Background

Carahsoft Technology Corp. is a business engaged in the sale and marketing of computer software and hardware on behalf of software and hardware developers. ECF No. 1 at ¶ 5. Wegner began working for Carahsoft as a Renewal Specialist on or about April 2018, and continued in this role until about July 2019, at which point she transitioned to an operations role before her employment ended in August 2019. *Id.* ¶ 12. She alleges that she and other current and former

Carahsoft employees whose primary job duty is making sales calls regarding software and hardware products and services are entitled to overtime wages for hours worked in excess of forty hours a week, but were instead paid a fixed salary with no overtime payments, despite working in excess of forty hours a week. *Id.* ¶ 10. Wegner alleges that she herself regularly worked sixty or seventy hours a week. *Id.* Wegner also alleges that Defendant did not keep accurate reporting of the hours she worked. *Id.* ¶ 18.

Wegner filed a one-count Complaint alleging FLSA violations on February 4, 2020. ECF No. 1. Carahsoft filed an Answer on June 26, 2020. ECF No. 18. Wegner moved for conditional class certification pursuant to § 216(b) of the FLSA that same day. ECF No. 19. On November 17, 2020, Wegner moved for equitable tolling of the statute of limitations. ECF No. 38. Following a hearing, the Court granted conditional certification on November 19, 2020, but denied equitable tolling. ECF No. 40.

On January 12, 2021, Wegner mailed a Court-approved notice to 1,462 putative class members. ECF No. 43. Sixty other Carahsoft employees or former employees have joined the lawsuit as a Class, alleging that they were similarly denied overtime wages. ECF No. 85-1. In late April 2021, the parties requested time to explore a possible settlement. ECF No. 76.

On November 1, 2021, Plaintiffs' counsel submitted the pending Joint Motion to Approve Settlement and an unopposed Motion for Attorney Fees. ECF Nos. 85, 86. On November 15, 2021, Plaintiffs submitted a final, fully executed copy the Settlement Agreement. ECF No. 88, Exhibit A. On January 24, 2022, the Parties submitted Joint Findings of Fact and Conclusions of Law. ECF No. 91.

## II.

### Standard of Review

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Saman*, 2013 WL 2949047, at *3 (citing *Hoffman v. First Student, Inc.*, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* The Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)).

Here, the Parties stipulate in their proposed findings of fact and conclusions of law, ECF No. 91, that this standard is met. For the reasons set forth below, the Court concurs.

### III.

### Bona Fide Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo*, 2009 WL 3094955, at *16–17.

The parties describe several *bona fide* disputes in their joint motion and proposed findings of fact and conclusions of law. First, the parties do not agree as to whether the Plaintiffs are eligible for overtime pay, factually and as a matter of law. The Complaint asserts that the Plaintiffs were the type of employees eligible for overtime pay, which Defendant denies in its Answer, and that they in fact worked above 40 hours such that they were owed overtime pay, which Defendant also denies. ECF No. 1 at ¶¶ 22-25; ECF No. 18 at ¶¶ 22-25. If any Plaintiffs did perform work for which they were not compensated, the parties also dispute whether the time worked was *de minimus*. ECF No. 91 ¶ 6. The parties also dispute whether any failures to pay overtime were "willful," and thus whether liquidated damages and the application of the three-year statute of limitations is appropriate, rather than the two-year statute of limitations. ECF No. 1 at ¶ 27; ECF No. 18 at ¶ 27; ECF No. 91. Defendant further disputes that the case is appropriate for collective action treatment under § 216(b) of the FLSA. ECF No. 85-1.

Accordingly, the parties stipulate, and the Court finds, that a *bona fide* dispute exists as to whether Defendants willfully failed to pay the required amount and for how long the violation, if any, occurred.

### IV.

### Fairness and Reasonableness

If a *bona fide* dispute is found to exist, courts must then evaluate the fairness and

reasonableness of the settlement based on the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the Settlement Agreement is a fair and reasonable compromise of the parties' *bona fide* dispute.

The extent of the discovery that has taken place is important to the Court because "it ordinarily assures sufficient development of the facts to permit a reasonable judgment on the possible merits of the case." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). However, parties may settle an FLSA case at an early stage, even before discovery, provided that the plaintiff has had sufficient opportunity to evaluate the viability of claims and the potential range of recovery. *Saman*, 2013 WL 2949047, at *4.

Here, the parties represent that settlement is occurring at a point at which they have had the opportunity to analyze the facts and key legal issues, and have conducted initial discovery, including document review, obtaining testimony, and engaging a damages expert. ECF No. 91 ¶¶ 8-9. If the case proceeds rather than settles, the parties state the next step will be extensive discovery including over twenty depositions. Id. ¶ 10. This stage of the proceedings, far enough along for the parties to understand the issues and facts, but early enough to afford benefits in settling rather than proceeding to expend resources, counsels in favor of approval of the settlement agreement. *See, e.g., LaFleur v. Dollar Tree Stores, Inc.*, 189 F.Supp.3d 588, 600 (E.D. Va. June 1, 2016) (settlement during initial discovery phase before protracted litigation where information

required for proof in case was obtained early in discovery supported finding of fairness of settlement); *Lomascolo*, 2009 WL 3094955, at *11. *Compare Cerritos v. 4806 Rugby Avenue LLC*, PJM 17-3760, 2018 WL 2290706, at *3 (May 18, 2018) (determining stage of proceedings factor weighed in favor of settlement approval where only informal discovery had occurred but provided all useful information Plaintiffs expected to obtain). The Court is therefore satisfied that the parties have had sufficient opportunity to evaluate their claims and defenses as to the disputed legal and factual issues and to engage in informed arms-length settlement negotiations.

Similarly, though the proceedings are still in their early stages, the expected expense and duration militate towards approving the proposed settlement. *See Guardado v. Unicorn Cleaning Co., Inc.*, PJM-16-3983, 2017 WL 3772647 at *3 (Aug. 30, 2017). Indeed, the adversarial nature of the proceedings and resulting agreement, where each side would face risks proceeding to trial, supports the conclusion that the proceedings thus far indicate fairness. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354. As the parties note in their proposed findings, although a range of potential recovery at trial is possible, it is equally possible that Plaintiffs may not succeed; the proposed settlement brings finality and immediate benefit to Plaintiffs. ECF No. 91 ¶ 10.

Additionally, the Court finds no fraud or collusion in the proposed settlement, given the experience of Plaintiffs' counsel, the endorsement of settlement by counsel for both parties, and the Status Reports filed. Moreover, the parties are represented by counsel with significant experience in FLSA cases. *See Melendez v. Declercq, Inc.*, CV PJM 14-2247, 2016 WL 3387235, at *4 (D. Md. June 14, 2016) ("Throughout this litigation, both parties were represented by experienced and competent counsel of their choice"). Class counsel has also opined that the proposed settlement is fair and reasonable, and has noted that no Opt-in Plaintiffs have provided negative feedback to the proposed settlement, ECF No. 91 ¶ 13.

As to the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied that the settlement of Plaintiffs' claim is fair and reasonable under the circumstances. The proposed settlement is as follows: Defendants shall pay a total of $215,000 into a settlement fund. ECF No. 85-1. Within this, class members will receive pro-rated amounts from a pool of $133,940.74, based on the overtime compensation allegedly due as determined by expert witness Dr. Liesl Fox, PhD, calculated using the three-year statute of limitations. *Id.* The parties have submitted a spreadsheet detailing the calculations that led to these amounts. Under the allocation plan, the average amount of the pro rata distributions to be made to the class members is $2,195.75. *Id.* This provides the class members a recovery of 61% of their best-case scenario for overtime damages owed, utilizing the most favorable, three-year statute of limitations, which applies only if the jury finds a "willful" violation. *See* 29 U.S.C. § 255; *Higgins v. Food Lion, Inc.*, 2001 WL 77696, at *2 (D. Md. Jan. 23, 2001). The parties note that if the damages were instead calculated with the two-year statute of limitations, the total settlement fund would be closer to 100% recovery. In addition, Named Plaintiff Wegner will receive a service award of $1,000.00. The Court finds the amounts the parties arrived at to be fair and reasonable.

Under the Settlement Agreement, ECF No. 88-1, class member Plaintiffs besides Wegner will not be providing a general release of all employment claims in exchange for the settlement payments, but instead, will be releasing the wage and hour claims asserted in the Complaint. In exchange for her service award payment, Named Plaintiff Wegner will be providing a general release of employment claims and wage hour claims per the Settlement. Though some courts have held that an overly broad release provision can render an FLSA agreement unreasonable if the release includes claims unrelated to those asserted in the complaint, *Saman*, 2013 WL 2949047, at

*5 (citing cases), if the employee is compensated reasonably for the release executed, the settlement can be accepted, and the Court is not required to evaluate the reasonableness of the settlement as to the non-FLSA claims. *See Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *4 (D. Md. May 23, 2014). Here, as previously discussed, Plaintiffs will be compensated for hours of labor as determined by the expert, and Wegner will receive a further service award. Accordingly, the Court finds that the settlement reasonably compensates Plaintiffs for the releases executed.

Finally, additional factors support the Court's conclusion that the Settlement is fair and reasonable, including the avoidance of costly and complex litigation; the speedier resolution of Plaintiffs' claims; and the recommendation of settlement by experienced counsel for the parties.

## V.

### Attorneys' Fees, Expenses, and Service Award

The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane*, 2011 WL 3880427, at *3 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)). "Though the Fourth Circuit Court of Appeals has not announced a preferred method for calculating an award of attorneys' fees in common fund class actions, courts in this circuit generally use a percentage of recovery method, which may be cross-checked by the lodestar method." *Fire and Police Retiree Health Care Fund, San Antonio v. Smith*, CV CBB-18-3670, 2020 WL 6826549, at *4 (D. Md. Nov. 20, 2020). The lodestar amount is defined as a reasonable hourly rate multiplied by hours reasonably expended. *Duprey v. Scotts Co. LLC*, 2014 WL 2174751, at *6 (D. Md. May 23, 2014) (citing *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012)). A percentage method, however, "aligns the interests of class counsel and class members because it

ties the attorneys' award to the overall result achieved rather than the hours expended by the attorneys." *Starr v. Credible Behavioral Health, Inc.*, CV 20-2986 PJM, 2021 WL 2141542, at *1 (D. Md. May 26, 2021) (internal quotation omitted).

Here, Plaintiffs' counsel seeks a fee of one-third of the settlement fund, totaling $70,950.00. "A request for one-third of a settlement fund is common in this circuit and generally considered reasonable." *Starr*, CV 20-2986 PJM, 2021 WL 2141542, at *5.

The lodestar cross check confirms the reasonableness of a one-third fee here. Plaintiffs' counsel have extensive FLSA litigation experience and have expended over 200 hours on the matter thus far. Attorney Donelon, who has over 25 years of experience, has expended 154.5 hours, as detailed in a break-down in Plaintiffs' brief, *see* ECF. No. 86-1. Attorney Moffett has over 17 years of experience, and has provided 6.1 hours of labor, and Attorney Craig, who has 20 years of experience, provided 40.4 hours of labor. Per Appendix B of the Court's Local Rules, a presumptively reasonable rate for lawyers admitted to the bar for twenty or more years – the average among the three attorneys – is $300-$475. Plaintiffs suggest a blended hourly rate of $387, leading to a lodestar value of $77,781 (201 hours X $387). This total is, in fact, above the one-third fee of $70,950.00, demonstrating the reasonableness of the percentage fee. The 201 hours spent on the case; the complexity and fact-heavy nature of the issues; the preclusion of other employment in order to attend to a 61-plaintiff FLSA suit; and prevalence of one-third awards in similar cases further demonstrate the reasonableness of the award. *See Lopez v. Lawns 'R' Us*, CIV. DKC 07-2979, 2008 WL 2227353, at *5 (D. Md. May 23, 2008), *report and recommendation adopted sub nom, Lopez v. Lawns 'R' Us*, CV DKC 2007-2979, 2008 WL 11509751 (D. Md. June 26, 2008) (analyzing reasonableness of fee through lodestar crosscheck factors set forth in *Johnson*

*v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Accordingly, the Court finds the attorney fee award in the proposed settlement to be reasonable.

An award of reasonable expenses is mandatory under the FLSA. *See* 29 U.S.C. § 216. Here, class counsel have requested reimbursement of $9,109.26 in itemized expenses associated with the litigation, such as service fees. The Court finds these expenses reasonable and necessary to the prosecution of the case.

Finally, the Plaintiffs propose a $1,000 service award for Wegner. They note Wegner's investment of time in the case, assistance to counsel, and the career risks associated with appearing as a named plaintiff in a lawsuit against an employer. This modest payment, in light of her assistance in the case, is appropriate. *See Starr*, 2021 WL 2141542, at *6 (approving service awards for named plaintiffs in light of their involvement, modest amount compared to the total settlement fund).

## VI.

### Conclusion

For the foregoing reasons, the Court **ADOPTS** the Joint Findings of Fact & Conclusions of Law, ECF No. 91, **GRANTS** the Joint Motion for Settlement, ECF No. 85, and Plaintiffs' Unopposed Motion for Approval of Attorney's Fees, Costs & Service Award, ECF No. 86, and **DISMISSES WITH PREJUDICE** the Complaint, ECF No. 1. A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

February __, 2022